UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DERRICK FONTAINE,

                        Plaintiff,

                v.                                                  9:04-CV-0049
                                                                                       (NAM/RFT)

M. HARRISON, Corrections Officer, Clinton
Correctional Facility; ROBERT HARRIS,
Corrections Officer, Clinton Correctional Facility,

                        Defendants.
_____

APPEARANCES:                                  OF COUNSEL:

DERRICK FONTAINE
Plaintiff, *pro se*
99-A-1770
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871

OFFICE OF THE ATTORNEY GENERAL    STEVEN H. SCHWARTZ, ESQ.
State of New York                                    Assistant Attorney General
Counsel for the Defendants
The Capitol
Albany, New York 12224

**NORMAN A. MORDUE, United States District Judge**

## ORDER

    *Pro se* plaintiff Derrick Fontaine commenced this civil rights action in January, 2004.[1] By

Order filed January 30, 2004, plaintiff was directed to file an amended complaint if he wished to

proceed with this action. Dkt. No. 4. Plaintiff's motion for reconsideration of that Order was denied

---

[1] Plaintiff has one other action pending in the Northern District. *Fontaine v. Hicks*, 9:03-CV-1484 (LEK/DRH). A second action, *Fontaine v. Goord*, 9:03-CV-1444 (LEK/GJD), was dismissed August 9, 2005, and is now on appeal.

(Dkt. No. 7), and plaintiff appealed to the United States Court of Appeals for the Second Circuit. Dkt. No. 10.  The Second Circuit dismissed the appeal by Mandate issued June 2, 2005.  Dkt. No. 12.

Thereafter, by Order filed June 9, 2005, the Court reconsidered plaintiff's original complaint in light of the Second Circuit's recent decision in *Phillips v. Girdich*, 408 F.3d 124 (2d Cir. 2005), and directed the U.S. Marshal to serve the summons and complaint on the defendants.  Dkt. No. 13. An answer was filed on behalf of the defendants on September 2, 2005.  Dkt. No. 22.

Presently before the Court is a motion from plaintiff requesting that I recuse myself and that a different judicial officer be assigned to preside over this action.  Dkt. No. 14.  Plaintiff also objects to, and seeks reconsideration of, certain provisions of the Court's June 9, 2005 Order regarding the conduct of this litigation.  *Id.*

A federal judge must recuse himself in any proceeding where "his impartiality might reasonably be questioned [or] he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding...."  *See* 28 U.S.C. § 455.  In cases where a judge's impartiality might reasonably be questioned, the issue for consideration is not whether the judge is in fact subjectively impartial, but whether the objective facts suggest impartiality.  *See Liteky v. United States*, 510 U.S. 540, 548 (1994).  The ultimate inquiry is whether "a reasonable person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned."  *Hughes v. City of Albany*, 33 F.Supp.2d 152, 153 (N.D.N.Y.) (Kahn, J.) (*quoting United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992)), *aff'd*, 189 F.3d 461 (2d Cir. 1999).  With respect to a claim of personal bias or prejudice, the Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion,

2

"unless they display "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States, supra*, 510 U.S. at 555. Moreover, it is well established that it is presumptively not improper for a court to preside over successive matters involving the same parties. *Id.*, 510 U.S. at 551.

Plaintiff claims that recusal is warranted due to my "illegal efforts to deny jury trial as demanded and criminal, bias, evil, prejudice conduct." Dkt. No. 14 at 1. Plaintiff does not offer any further explanation of, nor any factual support for, these claims.

It appears to the Court, however, that plaintiff's concern regarding his right to a jury trial stems from his receipt of the form routinely sent to litigants in the Northern District of New York advising the parties of their right to consent to having all further proceedings (including a jury trial) conducted by a magistrate judge. *See* 28 U.S.C. § 636(c). As stated clearly on that form, the parties are not required to consent to proceed before a magistrate judge and, according to the docket in this action, plaintiff has not consented.

In sum, I find that plaintiff has not presented any grounds upon which my impartiality in this case could reasonably be questioned, or establishing any personal bias or prejudice concerning him. Accordingly, plaintiff's request for recusal (Dkt. No. 14) is denied.

Plaintiff also objects to and seeks reconsideration of certain portions of the Court's June 9, 2005 Order relating to conduct of this litigation. For example, plaintiff objects to the referral of this action to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1) for certain pretrial matters, and to the applicability of the Local Rules of Practice of the Northern District to this action. *Id.* Plaintiff's objections are without merit.

WHEREFORE, it is hereby

ORDERED, that plaintiff's motion for recusal and for reconsideration of the Court's Order filed June 9, 2005 (Dkt. No. 14) is denied, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties.

IT IS SO ORDERED.

Dated:   September 29, 2005
             Syracuse, New York

Norman A. Mordue
U.S. District Judge