**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**DERRICK FONTAINE,**

                        **Plaintiff,**

         v.                              9:04-CV-0049
                                                   (NAM)(RFT)

**M. HARRISON, Corrections Officer, Clinton**
**Correctional Facility; ROBERT HARRIS,**
**Corrections Officer, Clinton Correctional**
**Facility,**

                        **Defendants.**

APPEARANCES:                           OF COUNSEL:

DERRICK FONTAINE
Plaintiff, *pro se*

OFFICE OF THE ATTORNEY GENERAL    STEVEN H. SCHWARTZ, Esq.
State of New York                             Assistant Attorney General
Counsel for Defendants

**HON. NORMAN A. MORDUE, CHIEF D.J.:**

## MEMORANDUM-DECISION and ORDER

### INTRODUCTION

      Plaintiff Derrick Fontaine, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), filed this civil rights action pursuant to 42 U.S.C. § 1983. By his complaint, plaintiff alleges that the defendants, corrections officers at Clinton Correctional Facility, took adverse actions against Plaintiff with respect to the conditions of his confinement at Clinton, in violation of his statutory and constitutional rights. Dkt. No. 1. Since approximately March, 2005, plaintiff has been confined at Southport Correctional Facility. Dkt. No. 30 at 2-3.

      Presently before the Court is plaintiff's motion seeking injunctive relief. Dkt. No. 28. The defendants have filed papers in opposition to the motion. Dkt. No. 30.

## DISCUSSION

A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter." *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986). In most cases, the party seeking the injunction must show a threat of irreparable injury if the injunction is not granted and either (1) a probability of success on the merits or (2) sufficiently serious questions going to the merits of the claims to make them a fair ground of litigation, and a balance of hardships tipping decidedly in favor of the moving party. *See Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996) (internal quotes omitted). Where, however, a movant seeks relief which will alter, rather than maintain, the status quo, or which will provide him with substantially all the relief sought, the injunction sought is properly characterized as mandatory rather than prohibitory. A party seeking a mandatory injunction must make a "clear" or "substantial" showing of the likelihood of success, as well as irreparable harm should the injunction not be granted. *See id.* at 473-74.

By his motion, plaintiff sets forth a litany of complaints regarding the conditions of his confinement at Southport Correctional Facility. According to plaintiff, he is being confined "illegally" in solitary confinement; subjected to "racist hate crimes"; denied access to the law library; denied prescribed medications; and has had his mail and other property stolen or obstructed by facility personnel. Dkt. No. 28. Plaintiff also complains that the Court has improperly refused to appoint counsel to represent him in this action and objects to the Pretrial Scheduling Order entered by Magistrate Judge Treece.[1] In addition to the appointment of counsel, plaintiff seeks to be transferred to Hudson Correctional Facility. *Id.*

---

[1] Plaintiff complains that the pretrial deadlines set therein "illegally" prolonged this litigation. Dkt. No. 28 at 3. Plaintiff has not filed a motion for the appointment of counsel in this action.

2

The underlying claims in this action, although numerous and varied, all arose at Clinton Correctional Facility and do not relate to the matters complained of by plaintiff in his motion for injunctive relief. Moreover, neither of the defendants named in plaintiff's complaint are employed at Southport Correctional Facility, where plaintiff is presently confined.[2] Except in limited circumstances not relevant here, a court may not order injunctive relief as to non-parties to an action. *See* Fed. R. Civ. P. 65 (d); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988). Because the injunctive relief requested by plaintiff is unrelated to and not in furtherance of the merits of his underlying claims, plaintiff's motion must be denied. *See Foxworth v. United States Park Police*, 1989 U.S.Dist. LEXIS 9648 (D. D.C. Aug. 14, 1989) (denying motion for restraining order where allegations contained in such application were unrelated to claims asserted in complaint).

In light of plaintiff's *pro se* status, however, the Court has reviewed the defendants' submissions and concludes that plaintiff's claims regarding his confinement at Southport are not well-founded. See Dkt. No. 30. While replete with accusations of wrongdoing, plaintiff's motion does not contain any facts in support thereof.[3] In this regard, moreover, the Court notes that plaintiff has no constitutional or statutory right or expectation to be confined in the prison of his choosing, and his request that he be transferred to Hudson Correctional Facility must be denied. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Mendez v. Mantello*, 93-CV-0908 (N.D.N.Y. Sept. 1, 1994) (Di Bianco, M.J.) (citing *Meriwether v. Coughlin*, 879 F.2d 1037, 1046 (2d Cir. 1989)). The Court has also

---

[2] As noted, the named defendants are employees of Clinton Correctional Facility.

[3] Defendants submitted a declaration from Sabrina Von Hagn, a nurse at Southport, who states that because Plaintiff was hoarding his medications, the medications were taken from him and are instead dispensed to plaintiff by medical personnel. *Id*. Defendants also submitted plaintiff's disciplinary history to demonstrate the basis for plaintiff's SHU confinement. *Id*.

reviewed the Pretrial Scheduling Order issued by Magistrate Judge Treece and finds no error or abuse of discretion in the terms thereof.

## CONCLUSION

The Court finds on these motion papers that plaintiff has failed to establish the requisite elements discussed above for the issuance of injunctive relief.  Plaintiff's request arises out of his present confinement at Southport Correctional Facility, is directed against individuals who are not defendants in this action, and is not supported by the record.  Accordingly, plaintiff's motion for injunctive relief is denied.

It is therefore

ORDERED, that plaintiff's motion for a preliminary injunction (Dkt. No. 28) is denied, and it is further

ORDERED, that the Clerk serve a copy of this Memorandum-Decision and Order on the parties.

IT IS SO ORDERED.

Dated:  June 16, 2006
         Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge